

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*

*157 Church Street*         *(203) 821-3700*
*23rd Floor*                *Fac: (203) 821-5378*
*New Haven, Connecticut 06510*   *www.usdoj.gov/usao/ct*

November 22, 2006

Thomas J. Murphy, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103–2703

      Re:    **United States v. Earth Technology II, LLC**
              **Criminal No. 3:06 CR _____ (AWT)**

Dear Mr. Murphy:

      This letter confirms the plea agreement entered into between your client, Earth Technology II, LLC (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

      The defendant agrees to waive its right to be indicted and to plead guilty to Count One of the Information charging it with mail fraud in violation of Title 18 U.S.C. § 1341. The defendant understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

      1.    There was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises, as alleged in the Information;

      2.    The defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

      3.    In execution of that scheme, the defendant used or caused the use of the mails as specified in the Information.

**THE PENALTIES**

This offense carries a maximum penalty of five years' probation and a fine of $500,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $500,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $400 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and 3612(g).

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. It is the government's understanding that Earth Technology II, LLC has made complete restitution, having repaid $26,035.07 to the Connecticut Department of Environmental Protection.

### Sentencing Agreement

The parties have agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and U.S.S.G. § 6B1.2(c), that a sentence providing for a fine of $500,000 and a two-year term of probation is an appropriate disposition of this case.

**WAIVER OF RIGHTS**

### Waiver of Right to Indictment

The defendant understands that it has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that it committed the offense set forth in the information before an indictment could be returned. The defendant expressly acknowledges that it is knowingly and intelligently waiving its right to be indicted.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, and the right to compulsory process for the attendance of witnesses to testify in its defense.  The defendant understands that by pleading guilty it waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if it pleads guilty, the Court may ask it questions about each offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

Defendant expressly waives any defense to the charges in the above-referenced Information based on the expiration of any statute of limitations.  The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations as of November 3, 2005 (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between November 3, 2005 and the commencement or reinstatement of such prosecution.  The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred as of November 3, 2005.

## ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty.  The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and it (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law. The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney.  The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters

are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it.

**COLLATERAL CONSEQUENCES**

The defendant further understands that it will be adjudicated guilty of each offense to which it has pleaded guilty and may be deprived of certain rights. The defendant understands that the Government reserves the right to notify any state or federal agency by whom it is licensed, or with whom it does business, of the fact of its conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of its participation in the fraudulent scheme set forth in the Stipulation of Offense Conduct, which offense conduct forms the basis of the Information in this case.

Furthermore, the government agrees that it does not have a basis to prosecute defendant for any other federal offenses based on information currently known to it. However, the government reserves the right to prosecute the defendant for any additional offenses of which it obtains evidence after the date of this agreement and the right to use any evidence already in its possession, including, without limitation, evidence providing the basis for the information in this case in prosecuting any such offenses.

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw its plea of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

     This letter shall be presented to the Court, in open court, and filed in this case.

                          Very truly yours,

                          KEVIN J. O'CONNOR
                        UNITED STATES ATTORNEY

                             /s/
                        ERIC J. GLOVER
                        ASSISTANT UNITED STATES ATTORNEY


     The defendant, Earth Technology II, LLC, certifies that it has read this plea agreement letter and its attachment(s) or has had it read or translated to it, that it has had ample time to discuss this agreement and its attachment(s) with counsel and that it fully understands and accepts its terms.


   /s/                                              11/22/06
ANTHONY M. RICHARDI                 Date
For the Defendant, Earth Technology II, LLC


     I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client, who advises me that it understands and accepts its terms.


   /s/                                              11/22/06
THOMAS J. MURPHY, ESQ.                Date
Attorney for the Defendant

STIPULATION OF OFFENSE CONDUCT

The defendant, EARTH TECHNOLOGY II, LLC, and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

1. The defendant, Earth Technology II, LLC, was an entity organized under the laws of the State of Connecticut. Earth Technology II, LLC was an environmental services firm that provided services to, among other entities, the State of Connecticut Department of Environmental Protection (the "DEP").

2. From about December 1999 to about 2005, Earth Technology II, LLC performed environmental remediation work for the DEP at the Hull Dye site located by the Housatonic River in Derby, Connecticut. The U.S. Coast Guard reimbursed the DEP for funds expended in connection with the remediation work at the Hull Dye site.

3. Earth Technology II, LLC used subcontractors in connection with the services it provided at the Hull Dye site, one of which (hereinafter "Subcontractor A") provided soil disposal services, and another of which (hereinafter "Subcontractor B") provided environmental testing services.

4. Subcontractor A and Subcontractor B provided invoices to defendant Earth Technology II, LLC concerning services rendered to Earth Technology II, LLC in connection with work at the Hull Dye site.

5. Defendant Earth Technology II, LLC submitted invoices to the DEP for work at the Hull Dye site, which included as backup the invoices provided to Earth Technology II, LLC by Subcontractor A and Subcontractor B. The Earth Technology II, LLC invoices submitted to the DEP included line items for the purported actual costs of Subcontractor A and Subcontractor B to Earth Technology II, LLC, plus a 15% mark up on that purported cost.

6. Earth Technology II, LLC was generally permitted by contract to bill the DEP for the actual cost of any state-approved subcontractors, along with a 15% mark-up on that actual cost.

7. Beginning in or about December 1999, and continuing through about July 2002, in the District of Connecticut, defendant Earth Technology II, LLC knowingly devised and intended to devise a scheme and artifice to defraud the DEP and the U.S. Coast Guard, and to obtain by means of materially false and fraudulent pretenses, representations and promises, money and property under the custody and control of the DEP, and owned by the U.S. Coast Guard, in that the defendant Earth Technology II, LLC submitted to the DEP invoices reflecting cost amounts for subcontractors which invoices it knew overstated the actual cost to Earth Technology II, LLC for the subcontractors' services.

8. The defendant received invoices from Subcontractor A and Subcontractor B which reflected amounts greater than Earth Technology II, LLC's actual cost for the services rendered by Subcontractor A and Subcontractor B.

9. The defendant Earth Technology II, LLC submitted invoices to the DEP in connection with Earth Technology II, LLC's work on the Hull Dye project containing cost amounts for Subcontractor A and Subcontractor B that overstated the actual cost to Earth Technology II, LLC.

10. The defendant Earth Techonology II, LLC submitted invoices from Subcontractor A and Subcontractor B as backup to Earth Technology II, LLC's invoices to the DEP.

11. The defendant marked-up the overstated cost by 15%, rather than marking up the actual cost of the subcontractors by 15%, as is permitted by Earth Technology II, LLC's contract with the DEP.

12. The defendant used the United States mail for the purpose of executing its scheme to defraud in that, on or about January 31, 2001, it knowingly caused the mailing set forth in the accompanying information – a check from the State Comptroller's Office to Earth Technology II, LLC in the amount of $177,893.31 – to be placed in an authorized depository for mail matter. That check contained monies to which the defendant knew it was not entitled. The check related to Earth Technology III, LLC Invoice #2770, which invoice billed DEP for, among other things, $4,647.49 in cost amounts for Subcontractor A, and which invoice the defendant knew overstated the actual cost to Earth Technology II, LLC for Subcontractor A's services and allowable mark-up by $489.20.

13. The scheme and artifice to defraud in which defendant Earth Technology II, LLC engaged resulted in a total loss to the DEP and the U.S. Coast Guard of approximately $21,837.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing in accordance with the parties' plea agreement.


____/s/_____  
ANTHONY M. RICHARDI  
For the Defendant  
Earth Technology II, LLC

____/s/_____  
ERIC J. GLOVER  
ASSISTANT UNITED STATES ATTORNEY


___/s/_____  
THOMAS J. MURPHY, ESQ.  
Attorney for the Defendant

<u>RIDER CONCERNING RESTITUTION</u>

The Court shall order that the defendant make restitution under 18 U.S.C. § §3663A.  The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

> A. Return the property to the owner of the property or someone designated by the owner; or

> B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

>> The greater of -

>> (I) the value of the property on the date of the damage, loss, or destruction;  or

>> (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim --

> A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

> B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

> C. reimburse the victim for income lost by such victim as a result of such offense;

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant.  In addition to the court ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release.  Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.